**In re Application of Frederick C. KULIEKE.**

**Patent Appeal No. 6522.**

United States Court of Customs and Patent Appeals.
May 3, 1960.

Walter L. Schlagel, Jr., Chicago, Ill., for appellant.

Clarence W. Moore, Washington, D. C. (Raymond E. Martin, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge FRANCIS L. VAN DUSEN.[1]

SMITH, Judge.

Appellant filed application Serial No. 394,547 on November 27, 1953, as a divisional application based on his application Serial No. 182,003 which issued as U. S. Patent No. 2,688,412 on September 7, 1954. The issued patent relates to a coupler knuckle casting. Claims 15–20, inclusive, which are here on appeal, relate to a core mold assembly for use in casting coupler knuckles.

Appellant here appeals from the decision of the Board of Appeals affirming the examiner's rejection of the appealed claims. We agree with the board that claims 15 and 19 are fairly illustrative of all the claims on appeal. These claims read as follows:

"15. A railway coupler knuckle core assembly, comprising a pin hole core having an enlarged central portion having one flattened side but otherwise being generally circular, said flattened side being disposed at such location that the distance from the central axis to the flattened side is substantially less than a radius but the difference in mass of the central portion relative to full cylindrical shape is minor, the pin hole core having projections at its ends for support by associated cope and drag mold sections, respectively, and a knuckle tail core having a support lug at its rear end and having a tongue and groove interlock at its front end with said enlarged central portion of the pin hole core at a location displaced circumferentially from said flattened side.

"19. A pin hole core for a coupler knuckle mold having an enlarged central portion with one flattened side but otherwise being generally circular, said flattened side being disposed at such location that the distance from the central axis to the flattened side is substantially less than a radius but the difference in mass relative to full cylindrical shape is minor, the pin hole core having projections at its ends for support by associated cope and drag mold sections, respectively."

The invention disclosed and claimed in the application which forms the basis of this appeal relates to a mold and core structure and arrangement for use in casting knuckles for the American Association of Railroads' Standard E Couplers. Such a knuckle comprises nose and tail sections interconnected by an intermediate section or throat which is of relatively narrow cross-sectional area, compared to the nose and tail sections. Coupler knuckles of this type have been produced by casting for many years, and certain molding practices have become commonplace. One of these practices has been the provision of a core for the purpose of lightening the coupler knuckle casting by forming a central cavity.

Appellant asserts he discovered that the weaknesses inherent in prior art knuckle castings occurred as a result of the existing knuckle mold coring practices and that these problems could be overcome by a mold coring arrangement wherein the forward end of the knuckle tail core is supported by the knuckle pin hole core, with the rear end of the knuckle tail core being supported by the mold itself. By supporting the forward end of the tail core by the pin hole core, appellant asserts that the need for supporting the tail core intermediate its ends was eliminated. This also eliminated the top and bottom holes in the knuckle tail section which had previously been

---

1. United States District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge* O'Connell, pursuant to provisions of Section 292(d), Title 28 U.S.C.

formed by the core prints which supported the knuckle tail core.

All of the appealed claims are directed to a mold, a core assembly, or a component thereof and call for a pin hole core having an enlarged central portion generally circular, but with one flattened side disposed a distance from the central axis which is less than the radius but wherein the difference in mass relative to the full cylindrical shape is minor, and also including projections on the pin hole core for supporting the core in the mold.

Claims 16 and 20 are further limited to an arrangement wherein one of the projections is non-symmetrical about the longitudinal axis of the core.

Claim 18, in addition to containing the above limitations, is further limited to an arrangement including a knuckle tail core having support at one end solely by a lug carried by the mold drag and having sole support at the other end of said core by a tongue and groove interlock with the enlarged portion of the pin hole core at a location displaced circumferentially from the flattened side of the pin hole core.

Claim 17 is further limited to an arrangement wherein the tongue and groove interlock between the pin hole core and the tail core is of minor dimension relative to that of the enlarged central portion, and of the knuckle tail core, in a direction longitudinally of the pin hole core.

The references relied upon are:

Meyer 1,999,511 April 30, 1935; Wessel 2,249, 146 Oct. 14, 1947; Mayer, (German) 735,764 May 5, 1943.

█ Appellant has asserted that Kulieke patent No. 2,688,412 is not a proper reference under 35 U.S.C. § 121. While referred to by the examiner in the final rejection, his answer does not list the said Kulieke patent as a reference for any of the stated grounds of rejection. We, therefore, agree with the Board of Appeals that appellant's argument on this point is irrelevant.

The sole issue is the rejection of the claims on the cited art. The principal reference relied upon is the Mayer (German) reference, the examiner's position, with which we agree, being that the other two references "are in effect cumulative."

The Mayer (German) patent discloses a plurality of stacked plates in the form of irregular rings which are machined prior to stacking so that the completed composite stack is shaped internally to approximate the desired contour of an automotive cylinder which is to be produced in the mold. Aligned holes are provided through the plates for reception of pressure relieving rods. The plates are also utilized to define cavities for creating a whirling action of the cooling air to thereby improve its cooling effects. Although several cores are used in the mold and are vaguely illustrated in the drawing of the reference, these cores are only incidentally referred to in the specification.

It is appellant's position that the references as exemplified by Mayer (German) do not disclose his invention because they do not show:

1) A pin hole core having an enlarged central section;

2) A core with a flat side;

3) A knuckle tail core supported at its ends by a pin hole core and by a drag mold section.

Appellant's position as summarized in his brief is:

"Inasmuch as the manner in which the cores of the Mayer arrangement are assembled and maintained in position is not disclosed by the reference patent, it is not believed to constitute a proper basis for rejecting the claims of the application which are narrowly directed to the structural details of Appellant's arrangement, which is entirely different from that of the reference."

In other words, appellant seeks to distinguish his invention over the Mayer (German) patent by reference to particular structural features of the article to be cast.

■ It is unfortunate that neither the examiner nor the Board of Appeals spelled out clearly what we believe to have been the ground of rejection, i. e., obviousness of the claimed invention under 35 U.S.C. § 103.

The invention here claimed is a mold and core assembly for casting a particular article, i. e., a coupler knuckle. Mayer, as well as the cumulative references, teaches one skilled in the casting art that a mold and built up core assembly may be constructed and used to cast items of various shapes and kinds as, for example, the engine block of Meyer, or the air-cooled ribbed cylinders of Mayer. In each instance, the type of mold and the arrangement of the built up cores are dictated by the structure of the article to be cast. As shown in these references, the individual elements of the mold and core assemblies are suitably interlocked and held in position so that the final casting will have a predetermined structure and shape. It seems to us these specific teachings would make it obvious to one having ordinary skill in the construction and assembly of molds and cores in the casting art to construct a mold and built up core as claimed in the claims on appeal.

Appellant's argument does not meet this ground of rejection. The fact that Mayer does not show cores having a flattened side and means to position the flattened side in a predetermined relationship to the other parts of the mold, indicates merely that such a flattened side was not required in the air-cooled ribbed cylinders which Mayer proposed to cast. While such a flattened side appears to be an important feature of the coupler knuckle which appellant proposes to cast, we are here concerned with claims to a mold and core structure, not claims to a particular knuckle. Appellant has stressed the commercial importance of the coupler knuckle casting per se and asserts that the prior attempts to eliminate the fatigue cracks in the knuckle casting did not meet with success largely because no one recognized the actual reason for the defects. Appellant asserts he not only recognized the reason for the fatigue cracks, but that he conceived a mold and core structure wherein the knuckle castings could be made which do not develop such fatigue cracks in service. Appellant also contends that by his invention he has provided a satisfactory solution to a problem long recognized but unsolved in the art, and that this constitutes invention. In support of this position, appellant submitted an affidavit showing commercial acceptance of such a coupler knuckle by the railroad industry. The affidavit has neither significance nor pertinency as to the allowability of the claims here before us which relate to a mold and core construction.

From our consideration of the record, we agree with appellant that there is but a single invention here involved, but we disagree with the conclusion he would have us draw from this fact. In our opinion, this single invention is found in the coupler knuckle per se. We have found nothing about the mold and core assembly, as claimed, which indicates that it would be unobvious to one having the ordinary skills in this art to form such an assembly to produce the cast knuckle. If, as here, a flat side is required on such a knuckle, it would be obvious to a core maker that such a flat side should be provided for by the mold and core assembly. If, as here, that flat side must be placed in a particular position in the article, it would be obvious that a suitable mold and core construction should provide for that location. The positioning and interlocking of the core members are all features which a core maker having the ordinary skills of the art would consider to be obvious.

The examiner is correct in stating that the differences which appellant urges over the teachings of the prior art " * * pertain to the design of the object which is being cast and the construction of the cores to produce the desired strength in the casting * * *." Once the engineering design of the casting has been determined, the mold and cores will necessarily follow that design. Nothing is seen in the structure of the cores which

would not be obvious to one having the ordinary skills of this art.

For the foregoing reasons we affirm the decision of the Board of Appeals.

Affirmed.